UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14078-CIV-CANNON/MAYNARD

**WELLS FARGO BANK, N.A.,**

    **Plaintiff,**

v.

**SUSAN M. ARNOLD and
RUTH OUTLAW,**

    **Defendants,**
_____/

**SUSAN M. ARNOLD,**

    **Cross-Plaintiff**

v.

**RUTH OUTLAW,**

    **Cross-Defendant.**
_____/

### REPORT AND RECOMMENDATION ON
### CONSOLIDATED MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before me upon a Consolidated Motion for Default Final Judgment ("Motion") Against Defendant/Cross-Defendant Ruth Outlaw ("Outlaw"), filed by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") and Defendant/Cross-Plaintiff Susan Arnold ("Arnold"). DE 21. No response is opposition has been timely filed. This Motion has been referred to me for appropriate disposition. DE 22. Having carefully reviewed the record and being fully advised, I respectfully **RECOMMEND** that the Motion be **GRANTED** for the following reasons.

**FACTUAL BACKGROUND**

This case involves a dispute over a $50,000 check issued from Arnold's Wells Fargo checking account to Outlaw's Wells Fargo banking account. On March 15, 2024, Wells Fargo filed its Interpleader Complaint invoking the Court's jurisdiction under 28 U.S.C. §§ 1335 and 2361. DE 1. The following factual background draws from the uncontested allegations in the Interpleader Complaint, its attached supporting documentation, and the affidavits filed in support of the Motion.

Wells Fargo is a national bank headquartered in South Dakota. *Id.* ¶ 4. Arnold, a California citizen, maintains a Wells Fargo Checking Account (Account No.: XXXXXX1355; the "Arnold Account"). *Id.* ¶¶ 5, 10. Outlaw, a Florida citizen, maintains a Wells Fargo Banking Account (Account No.: XXXXXX6799; the "Outlaw Account"). *Id.* ¶¶ 6, 11. Both bank accounts are governed by the same Wells Fargo Deposit Account Agreement, effective July 25, 2023 and attached to the Complaint. DE 1-3.

On October 13, 2023, Arnold issued a $50,000 check (the "Check") from her Arnold Account and made payable to Ruth Outlaw. DE 1. A copy of the check is attached to the Complaint. DE 1-2. On October 16, 2023, Outlaw deposited the Check into her Outlaw Account. DE 1 ¶ 13. Arnold subsequently reported to Wells Fargo that she was defrauded in connection with the Check. *Id.* ¶ 14. Accordingly, Wells Fargo restrained the Outlaw Account and the $50,000 Check proceeds (the "Restrained Proceeds"). *Id.* ¶ 15; *see also* Gillian Rose Aff., DE 21-1 ¶ 4-5 (confirming that Wells Fargo is currently restraining the $50,000 Check pending this Court's ruling on the disposition of these funds). Despite Wells Fargo's repeated requests, Outlaw did not allow Wells Fargo to debit the Outlaw Account and return the Restrained Proceeds to Arnold resulting in an unsettled dispute over the funds. DE 1 ¶¶ 16-17. Accordingly, Wells Fargo

filed this interpleader action for a judicial determination regarding disposition of the Restrained Proceeds.

## PROCEDURAL BACKGROUND

On March 15, 2024, Wells Fargo filed its Interpleader Complaint. DE 1. On April 18, 2024, Arnold responded by filing an Answer and Cross-claim against Outlaw. DE 12. In her Cross-claim, Arnold claims to be an elderly widow who was the victim of a "prize money" scam in which she was fraudulently induced into making several financial transactions—including the $50,000 check made out to Outlaw—for fraudulently-promised prize money. DE 12 ¶¶ 2-3.

According to an Affidavit of Service filed in the record, Outlaw was served with the Interpleader Complaint and Summons on March 18, 2024. DE 7. Service was accomplished by hand-delivering a true copy of these documents to her residential address in Vero Beach. *Id.*

On April 30, 2024 and May 3, 2024, the Clerk of Court entered Clerk's Defaults against Outlaw based on her failure to timely appear, answer, or otherwise plead to the Interpleader Complaint or Cross-claim. DE 16; DE 18. On May 7, 2024, the presiding U.S. District Judge issued an Order on Default Final Judgment Procedure acknowledging the Clerk's Defaults based upon Outlaw's failure to timely respond and establishing procedures for the requested entry of a final default judgment. DE 19.

On June 22, 2023, Wells Fargo and Arnold filed the instant Motion jointly seeking (1) a final default judgment against Outlaw; (2) authorization for Wells Fargo to return $43,000 of the Restrained Proceeds to Arnold (reflecting a deduction of $7,000 in agreed-upon attorneys' fees and costs to which Wells Fargo is entitled); (3) discharging Wells Fargo and Arnold from all liability to Outlaw concerning the Check, the Restrained Proceeds, and the bank accounts at issue; (4) holding that Outlaw and Arnold be enjoined and prohibited from instituting any actions against

Wells Fargo or any of its affiliates concerning the Check, the Restrained Proceeds, the Arnold Account and the Outlaw Account; and (5) dismissing this case.  In support, these parties attach to their Motion the signed, sworn affidavits of Wells Fargo Fraud and Claims Operations Consultant Gillian Rose and Wells Fargo's attorney of record, Seth Burack, Esq. DE 21-1; DE 21-2.  In compliance with the Court's procedures and the Servicemembers Civil Relief Act, the parties also attach an affidavit certifying that Outlaw is not a member of the U.S. Military.  DE 21-3.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining default judgment.  **First**, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Here, this first step is complete.  As acknowledged by prior Court Order, the Clerk has entered a default against Outlaw based on her failure to timely respond or appear after having been properly served with process at her residence in Vero Beach.  DE 16; DE 18; DE 19; *see Kelly v. Florida*, 233 Fed.Appx. 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 55(a) and holding that Court clerks are required to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner ....");  Fed. R. Civ. P. 4(e) (providing that an individual is properly served by leaving a copy of the complaint and summons at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there); Fed. R. Civ. P. 12(a)(1)(A)(i) (once served with a complaint, a defendant has 21 days within which to file a response).

**Second**, following the clerk's default, the court may enter default judgment against the defendant as long as the defendant is not an infant or incompetent person.  Fed. R. Civ. P. 55(b)(2).  "The effect of a default judgment is that a defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the

facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (internal quotation omitted)).

A court must review the sufficiency of the complaint to determine if a moving party is entitled to default judgment under Rule 55(b). *See U.S. v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). Default judgment is warranted "when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). "While a complaint ... does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If the admitted facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)).

Following the Clerk's entry of default against Outlaw, Wells Fargo and Arnold now jointly seek the entry of a final default judgment against Outlaw. Below, I will address federal

interpleader cases generally before addressing this joint request for entry of a final default judgment against Outlaw in this interpleader case.

### 1.     *Federal Interpleader Cases*

The federal interpleader statute grants district courts "original jurisdiction of any civil action of interpleader or in the nature of interpleader," where the claimants are diverse and the plaintiff has "any obligation written or unwritten to the amount of $500 or more ..." 28 U.S.C. § 1335(a)(1). "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

A common type of interpleader action is where, as here, a non-interested bank seeks to resolve possibly adverse claims to funds in an account. *See, e.g., Clark v. JPMorgan Chase Bank, N.A.*, 2022 WL 1105798, at *3 (S.D. Fla. Mar. 28, 2022), *report and recommendation adopted*, 2022 WL 1103255 (S.D. Fla. Apr. 13, 2022) (bank properly brought interpleader counterclaim as innocent stakeholder when two adverse parties laid claims to funds in bank accounts); *Am. Univ. of the Caribbean v. Tien*, 2011 WL 13151200, at *1 (S.D. Fla. Aug. 18, 2011) (bank brought interpleader action so court could resolve competing claims to funds held in a depository account); *Southtrust Bank of Fla., N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (bank properly brought interpleader action as innocent stakeholder when two adverse parties laid claims to the funds); *Mandalay Shores*, 21 F.3d at 383 (discussing fees and finding that "[b]anks, too, sometimes resort to interpleader in their normal course of business").

Here, the Interpleader Complaint alleges the following pertinent facts: (1) Wells Fargo has no interest in the Restrained Proceeds; (2) Wells Fargo is a citizen of South Dakota, Arnold is a

citizen of California, and Outlaw is a citizen of Florida; (3) the Restrained Proceeds at issue are more than $500.00 (specifically, $50,000.00); and (4) Ruth and Outlaw have made competing claims of entitlement to these proceeds. DE 1. These facts, as admitted by Outlaw by her default, establish the necessary requirements for a proper federal interpleader action.

### 2. *Entry of Final Default Judgment Against Outlaw*

It is well settled that default judgment is available in an interpleader action where a claimant who has been properly served fails to file a response. *Clark v. JPMorgan Chase Bank, N.A.*, 2022 WL 1105798, at *3 (S.D. Fla. Mar. 28, 2022), *report and recommendation* adopted, 2022 WL 1103255 (S.D. Fla. Apr. 13, 2022). "[A] default judgment can be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint. This is to protect the interpleader plaintiff and other defendants by removing from the litigation any party who expresses no interest in the res of the dispute." *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (citation omitted). As explained in *Protective Life*:

> Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants. If an interpleader defendant can prevent the resolution of an interpleader by simply refusing to appear in the action, the court cannot effectively and finally address the distribution of the interpleader res. The default necessarily forfeits any claim to the res by the defaulting defendant as part of a final distribution of the res. Therefore, because [unresponsive defendant], is in default and default judgment is due to be entered against him, he has forfeited any claim to the insurance proceeds paid into court.

*Id.* at *4.

Here, the well-pleaded allegations in the Interpleader Complaint establish that the funds being held as Restrained Proceeds are subject to adverse claims by Outlaw and Arnold. Wells Fargo is a disinterested stakeholder in that it makes no claim to these proceeds, except for its attorney's fees and costs of this action. Outlaw has failed to file a timely answer or participate.

Outlaw has thus forfeited her right to the Restrained Proceeds at issue. The requested entry of default judgment is therefore appropriate.

### 3. *Distribution of Restrained Proceeds and Requested Injunctive Relief*

As part of the default judgment, Wells Fargo and Arnold jointly request Court approval for the Restrained Proceeds totaling $50,000 to be distributed as follows: Arnold to receive $43,000 and Wells Fargo to receive $7,000 for its attorney's fees and costs incurred to bring this action. I find this to be a fair compromise over a liquidated sum that is adequately supported by record evidence. *See Evans*, 2013 WL 12138555, at *1 (in the default judgment context "damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record"). As detailed above, a copy of the Check is attached to the Interpleader Complaint and affidavit evidence establishes that Wells Fargo is actively restraining the Restrained Proceeds pending a ruling from this Court. Outlaw has not made a claim to the Restrained Proceeds such that Arnold holds a valid undisputed claim to the Restrained Proceeds.

In its role as distinterested stakeholder, Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this matter pursuant to applicable law. *See Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder. . . The award of costs and attorneys' fees in an interpleader action is generally to be imposed against the party who has benefited from the interpleader action. . . remand[ing] with instructions to tax costs and attorneys' fees against the interpleader fund."); *see also Katsaris v. U.S.*, 684 F.2d 758, 763 (11th Cir. 1982). Under an account agreement attached to the Interpleader Complaint, which indisputably governs both bank

accounts at issue in this case, Wells Fargo is contractually entitled to recover its reasonable attorneys' fees and cots in connection with this action. *See* Wells Fargo Deposit Account Agreement, DE 1-3 at 30 (describing process for adverse claims made against a Wells Fargo account and stating that Wells Fargo "may charge any account you keep with us for our fees and expenses in taking these actions (including attorneys' fees and expenses, and court costs"). Moreover, Wells Fargo has submitted the affidavit of its counsel of record, Seth B. Burack, Esq., which outlines the $6,490.00 in attorneys' fees and $795.45 in costs (totaling $7,285.45) Wells Fargo has either incurred or expects to incur in connection with this matter (and is seeking to recover pursuant to the account agreement and applicable law). As stated in their Motion, Wells Fargo has agreed to seek only $7,000 of its fees and costs. Arnold agrees this amount sought is reasonable and agrees to Wells Fargo deducting this amount from the Restrained Proceeds before returning the remaining Restrained Proceeds to Arnold.

      Lastly, Wells Fargo asks to be discharged from any liability with respect to the Check and the Restrained Proceeds. Arnold similarly asks to be discharged from any liability to Outlaw concerning the Check and Restrained Proceeds. I find these requests proper and thus recommend that they be granted. If a stakeholder is disinterested (*i.e.* makes no claim to the property), then a district court is permitted to discharge it from liability and dismiss it from the case. *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, 2006 WL 1529047 at *5 (M.D. Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *State Farm Life Insurance Co. v. Mangan*, No. 09-61722, 2010 WL 1504936 (S.D. Fla. Feb. 6, 2010) (granting motion for interpleader and dismissing disinterested stakeholder from case subject to award of fees and costs); *see also Dunn v. Harris Corp.*, 560 F. Supp. 2d 1260, 1262 (M.D. Fla. 2008) (noting that

disinterested stakeholder's motion for interpleader was granted and that stakeholder was entitled to be dismissed from case). Moreover, in interpleader actions, "a district court may ... enter its order restraining [all claimants] from instating or prosecuting any proceeding ... affecting the property, instrument or obligation involved in the interpleader action." 28 U.S.C. § 2361; *see also Primerica Life Ins. Co. v. Guerra*, 2016 WL 10591984, at *2 (S.D. Fla. Dec. 21, 2016) ("Pursuant to 28 U.S.C. § 2361, [the defendants] are enjoined from instituting any proceeding, commencing or continuing any action against [the plaintiff] and/or its agents in relation to the Policy."). Because Wells Fargo and Arnold meet these requirements, I recommend that their requests to be discharged from liability relating to the Check and Restrained Proceeds be granted.

## **CONCLUSION**

Accordingly, for the reasons discussed above, I respectfully **RECOMMEND** that the Consolidated Motion for Default Final Judgment Against Defendant/Cross-Defendant Ruth Outlaw, DE 21, be **GRANTED** and that:

1. A final default judgment be entered against Defendant/Cross-Defendant, Ruth Outlaw;

2. Wells Fargo be instructed to return, from the Restrained Proceeds, $43,000 to Arnold, which reflects the $50,000 Restrained Proceeds minus the $7,000 in agreed-upon attorneys' fees and costs which Wells Fargo is entitled to retain;

3. Wells Fargo and Arnold be discharged from all liability to Outlaw concerning the Check, the Restrained Proceeds, the Arnold Account and the Outlaw Account;

4. Outlaw and Arnold be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, in connection

with the Check, the Restrained Proceeds, the Arnold Account and the Outlaw Account; and

5. This case be DISMISSED in its entirety and marked as CLOSED.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 26th day of July, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Ruth Outlaw
2405 Desoto Avenue, Apt. A
Vero Beach, Florida 32960